UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: THE MATTER OF CREOLE CHIEF, INC. AS OWNER AND OPERATOR OF THE M/V NATALIE JEAN, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION NO.<br><br>SECTION<br><br>JUDGE<br><br>MAGISTRATE JUDGE |

**VERIFIED COMPLAINT FOR**
**EXONERATION FROM OR LIMITATION OF LIABILITY**

The Complaint of Creole Chief, Inc., as owner and operator of the M/V NATALIE JEAN ("Vessel"), in a cause of exoneration from or limitation of liability, civil and maritime, under Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Admiralty and Maritime Claims, as well as 46 U.S.C. App. § 30501 *et seq.,* alleges on information and belief as follows:

I.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is pursuant to the admiralty and maritime jurisdiction of the United States Courts, 28 U.S.C. §1333.

II.

Creole Chief, Inc. is a corporation organized under the laws of the State of LOUISIANA, with its principal place of business in Harvey, Louisiana at 1738 Peters Road.

III.

Creole Chief, Inc. is the owner and operator of the M/V NATALIE JEAN, a twenty-two meter, steel hulled push boat registered in the State of Louisiana, and as such, is the sole party entitled to possession and operation of said vessel.

IV.

Prior to and at all material times, Creole Chief, Inc. exercised due diligence to make and maintain the M/V NATALIE JEAN and its crew in all respects seaworthy; and at all times the vessel was, in fact, tight, staunch, strong, supplied, fully and properly equipped, fully and properly crewed, and in all respects seaworthy and fit for the service in which the vessel was engaged.

V.

On or about March 12, 2018, the M/V NATALIE JEAN was plying navigable waters in the Mississippi River at or about mile maker 90.5 between Chalmette and Algiers, Louisiana.

VI.

On that date, the M/V NATALIE JEAN was navigating on the Mississippi River, upriver along its right descending bank when it and the empty barge it was pushing allided with the deployed forward, port anchor chain of the M/V ATLANTIC FAIRY.

VII.

The allision and prevailing river conditions caused the M/V NATALIE JEAN to capsize and sink, which resulted in various personal injuries to the crew, the death of two (2) crewmen and other additional and contingent liabilities which may arise as a result of the allision.

VIII.

The voyage during which the allision occurred, and on which the claims and demands sought to be limited arose, commenced on or about 0700 hours on March 12, 2018 and terminated at the point of the sinking of the Vessel.

IX.

The allision, vessel damage, personal injuries, deaths, contingent losses and all other losses, damages, expenses and costs resulting therefrom, were not caused or contributed to by

any fault, negligence, unseaworthiness, or lack of due care on the part of Creole Chief, Inc., the Vessel, or any person for whom Creole Chief was or might be responsible.

X.

This casualty was not due to any fault, neglect or want of care on the part of Creole Chief, Inc., it agents, servants, employees, nor anyone for whom said Creole Chief, Inc. is or may be responsible that was within the privity or knowledge of the Creole Chief, Inc., its members, directors, or managers.

XI.

This casualty was not due to an unseaworthy condition of the M/V NATALIE JEAN that was within the privity or knowledge of the Creole Chief, Inc., its members, directors, or managers.

XII.

Creole Chief, Inc., as owner and operator of the M/V NATALIE JEAN, denies that it or the M/V NATALIE JEAN is liable to any extent for any claims arising out of the aforesaid casualty and asserts exoneration from liability for all losses occasioned or incurred by reason of or resulting from this casualty.

XIII.

Alternatively, if the Court should adjudge Creole Chief, Inc. liable to any extent, Creole Chief, Inc. avers that the casualty occurred without its privity or knowledge and seeks the benefit of limitation of liability as provided in Sections 30501, *et seq.* of Title 46 of the United States Code, and of the various statutes supplementary thereto and amendatory thereof and of any and all other applicable law and jurisprudence including Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

XIV.

This Complaint for Exoneration and/or Limitation of Liability is brought timely and within the requirements of 46 U.S.C. §30501, *et seq.,* and Rule F(1), Supplemental Rules of Certain Admiralty and Maritime Claims.

XV.

The Creole Chief, Inc.'s interest in the M/V NATALIE JEAN following the casualty described above is $0.00.  See Affidavit of Michael D. McEntee, attached as Exhibit "A".

XVI.

The total amount of pending freight due to Creole Chief at the time of the casualty described above was $6,000.00. See Affidavit of Pending Freight by Stan Kraly, attached as Exhibit "B".

XVII.

Creole Chief, Inc. shows that if it should be held liable in any degree to any party, which is denied, its liability should be limited to and not exceed the amount or value of Creole Chief, Inc.'s interest in the M/V NATALIE JEAN and freight pending in the aggregate sum of $6,000.00. Creole Chief has filed contemporaneously herewith its insurers' *Stipulations for Value* in appropriate form, for the payment into the registry of the Court, security in the amount of Creole Chief's interest, if any, in the M/V NATALIE JEAN and Stipulation for Costs.

XVIII.

Creole Chief, Inc. is also prepared with respect to security and due appraisal to comply with the provisions of Rule F(1) and (7) when and if the Court should so order.  Creole Chief, Inc. specifically reserves the right to apply to this Court to reduce the amount of the limitation fund in accordance with any final valuation or applicable law and statutes.

XIX.

On information and belief, this below list includes claimants who have asserted a claim or who possibly possess a claim against the M/V NATALIE JEAN as well as its owner and operator, arising out of this casualty. To the best of Creole Chief, Inc.'s information and belief, the claimants are as follows:

| Claimant | Claim Information |
|---|---|
| Malon Dawsey<br>c/o Kinney, Ellinghausen & DeShazo<br>1250 Poydras Street, Suite 2450<br>New Orleans, Louisiana   70113 | *Shirley Dawsey, et al versus Creole Chief, Inc.*<br>Orleans Parish Civil District Court<br>State of Louisiana, No. 2018-6240 |
| Karl Prince<br>c/o Waitz & Downer<br>423 Goode Street<br>Houma, LA 70360 | *Matthew J. Prince versus Creole Chief, Inc.*<br>Orleans Parish Civil District Court<br>State of Louisiana, No. 2018-6227 |
| Paul Trahan<br>c/o Braud & Gallagher<br>111 N. Causeway Blvd., Ste. 201<br>Mandeville, LA 70448 | *Paul Trahan versus Creole Chief, Inc.*<br>United States District Court<br>Eastern District of Louisiana, No. 2:18-cv-05927 |
| Ingram Barge Company<br>4400 Harding Road<br>Nashville, TN 37205 | |
| Dowa Line American Co., Ltd.<br>The Dowa Building<br>476 Hudson Terrace<br>Englewood Cliffs, NJ 07632 | |
| NS United Kaiun Kaisha, Ltd.<br>Otemachi 1st Square West Tower,<br>5-1, Otemachi 1-Chome, Chiyoda-ku,<br>Tokyo 100-8108, Japan | |
| NS United Shipping (U.S.A.) Inc.<br>1055 Washington Boulevard<br>Suite 620<br>Stamford, Connecticut 06901 | |

XX.

Creole Chief, Inc. avers that the potential amounts which may be claimed exceed the value of Creole Chief, Inc.'s interest in said vessel. Creole Chief, Inc. is not aware of any potential demands other than set forth above and specifically is not aware of unsatisfied liens or claims of liens arising out of the casualty.

XXI.

Venue is proper as the vessel, the potential claimants, the witnesses and the petitioner are all located in the Eastern District of Louisiana. Further, the allision, which is the subject of this petition, occurred within this district.

XXII.

All and singular, the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

**WHEREFORE,** Creole Chief, Inc. prays:

1. This Honorable Court issue an Order approving the Ad Interim Stipulation as to the value of the M/V NATALIE JEAN filed by Creole Chief, Inc. for which Great American Insurance Group, as underwriter, has issued a letter of undertaking in the amount of $6,000.00 plus six (6%) percent per annum interest from the date of such stipulation and costs pending in the appraisement by the Court of the amount of Creole Chief, Inc.'s interest in the vessel and pending freight; and

2. The Court issue notice to all persons asserting claims with respect to which the complaint seeks exoneration from or limitation of liability admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Creole Chief, Inc. a copy thereof on or before the date to be named in the Notice and that if any claimant desires to contest this

Complaint he shall file and serve on the attorneys for Creole Chief, Inc. an Answer to the Complaint on or before the said date unless his claim has included an Answer;

3. That the Court issue its injunction restricting the commencement and/or prosecution of any and all actions or suits or legal proceedings of any kind whatsoever against Creole Chief, Inc., its employees, agents, insurers, parent companies, affiliates, contractors, or property, the M/V NATALIE JEAN or their underwriters arising out of the aforementioned casualty other than in the present action.

4. That the Court adjudge Creole Chief, Inc. and the M/V NATALIE JEAN not liable to any extent whatsoever for any damage of any kind arising out of the matters aforesaid; and

5. In the alternative, that if the Court should adjudge the Creole Chief, Inc. or the M/V NATALIE JEAN liable in any amount whatsoever their liability should be limited to and not exceed the amount or value of Creole Chief, Inc.'s interest in the M/V NATALIE JEAN and freight pending, if any; and

6. That Creole Chief, Inc. have such other and further relief as justice may require including the right to supplement and amend these pleadings in order to achieve justice.

Respectfully submitted,

*/s/ Walter P. Maestri*
Walter P. Maestri (La Bar No. 25776)
Kari M. Rosamond (La. Bar No. 34065)
Michael T. Amy (La. Bar No. 35626)
Karuna Davé (La. Bar No. 37091)
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA  70130
Telephone:  (504) 581-5141
Facsimile:  (504) 566-4061
wmaestri@deutschkerrigan.com
krosamond@deutschkerrigan.com
mamy@deustchkerrigan.com
kdave@deutschkerrigan.com
Attorneys for Creole Chief, Inc.

7726252v1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: THE MATTER OF CREOLE CHIEF, INC. AS OWNER AND OPERATOR OF THE M/V NATALIE JEAN, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION NO.<br><br>SECTION<br><br>JUDGE<br><br>MAGISTRATE JUDGE |

### VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

WALTER P. MAESTRI

who, after being duly sworn, did depose and say that:

1. He is an attorney in the firm of Deutsch Kerrigan, L.L.P. and is one of the attorneys representing Creole Chief, Inc. in this matter;

2. He has prepared and read the foregoing Complaint for Exoneration from and/or Limitation of Liability, and it is true and correct to the best of his knowledge, information and belief;

3. The source of his said knowledge, information and belief is his personal investigation and information supplied by Creole Chief, Inc.

4. He is authorized to make this Verification on behalf of Creole Chief, Inc.

_____
WALTER P. MAESTRI

SWORN TO AND SUBSCRIBED
BEFORE ME, NOTARY PUBLIC,
THIS 3rd DAY OF July, 2018.

_____
NOTARY PUBLIC

MICHAEL T. AMY
NOTARY PUBLIC
NOTARY ID NO. 146156 LSBA NO. 35626
MY COMMISSION IS FOR LIFE